Honorable Edward C. Graham Prosecuting Attorney Mississippi County 107 East Commercial Street Charleston, Missouri 63834
Dear Mr. Graham:
This is in response to your request for an opinion from this office as follows:
 "East Prairie, Missouri, a city of the fourth class with a population in excess of 3,000, adopted the City Manager form of government under the provisions of Section 78.430 et seq.
 "After six years, the City abandoned the plan under the provisions of Section 78.450.
 "Presently, the City is served by five council members, elected at large, two of such members presently serving terms expiring in April 1977, two members serving terms that will expire in April 1978, and one serving a term that will expire in April 1979.
 "Question 1: Do the present City council members continue in office until their respective terms expire? If so, how and when will the City comply with the provisions of the statutes pertaining to the election of a Mayor and Aldermen in fourth class cities?
 "Question 2: If the provisions of Section 78.450 require a new election for Aldermen, then:
(a) When must that election be held:
 (1) Immediately by special election, or
 (2) At the general election in November, or
 (3) At the primary election in April of 1977.
 (b) If an election for Aldermen and Mayor is to be held prior to the primary election in April of 1977, will the special election be for a term only from such special election to April 1977?
 (c) If no election for Aldermen is required until the April 1977 election, at that time will the election be conducted under the provisions of Section 79.060, as if the City had just qualified for a fourth class classification or had just organized as a fourth class city?"
From the information you have given us, it appears that the City of East Prairie, Missouri, a city of the fourth class with a population in excess of three thousand, adopted the city manager form of government under the provisions of Sections 78.430, et seq., RSMo. After six years, the city abandoned the plan under the provisions of Section 78.450, RSMo.
Section 78.450 provides that any city operating under the provisions of Sections 78.430 to 78.640 may abandon the form of organization provided for therein by submitting the proposition to a vote of the people as to whether the city manager form of government should be continued. It further provides:
 ". . . If a majority of the votes cast at the election are against the continuation of the city manager form of government, then the provisions of sections 78.430 to 78.640 and all amendments thereto cease to be effective in the city and the city shall resume the form of government it abandoned when it adopted the plan herein provided for, and shall organize thereunder; except that any third class city desiring to vote on the proposition to determine whether or not to remain organized under the provisions of sections 78.430 to 78.640, may at the same time submit the question as to what form of government it shall adopt, if there is more than one other form provided for third class cities; but the change of form or organization does not become effective until the next regular municipal election thereafter."
(Emphasis supplied)
This statute provides that if the majority of votes cast at the election are against the continuation of the city manager form of government, the statutory provisions regarding the city manager form of government shall cease to be effective in the city and the city shall resume the form of government it abandoned when it adopted the plan and "shall organize thereunder" but the change of form or organization does not become effective until the next regular municipal election thereafter.
It is our view that the city manager form of government continues in effect until the next regular municipal election after the election was held to abandon the city manager form of government and that all the officers elected under the city manager form of government continue into office until the next regular municipal election which will be in April, 1977. There is no provision for a special election to be held prior to that time.
Section 79.030, RSMo, provides that in any city of the fourth class a general election for the elective offices of a city of the fourth class shall be held on the first Tuesday in April next after the organization of the city under the provisions of Chapter 79, RSMo.
Section 79.060, RSMo, provides as follows:
 "The board of aldermen shall, by ordinance, divide the city into not less than two wards, and two aldermen shall be elected from each ward by the qualified voters thereof, at the first election for aldermen in cities adopting the provisions of this chapter. At such election for aldermen, the person receiving the highest number of votes in each ward shall hold his office for two years, and the person receiving the next highest number of votes shall hold his office for one year; but thereafter each ward shall elect annually one alderman, who shall hold his office for two years."
It is the opinion of this office that the board of aldermen shall be elected as provided in Section 79.060.
It is our view that when a city manager form of government is abandoned by a fourth class city as provided for in Section 78.450, RSMo, a change of form or organization does not become effective until the next regular municipal election thereafter but at the next regular municipal election the aldermen shall be elected as provided for in Section 79.060, RSMo.
Yours very truly,
 JOHN C. DANFORTH Attorney General